UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE PAYNE, | No. 2:15-cv-0211 TLN KJN P |
| Petitioner, | |
| v. | FINDINGS & RECOMMENDATIONS |
| PARAMO, Warden, | |
| Respondent. | |

I. Introduction

Petitioner is a state prisoner, proceeding without counsel. Petitioner paid the filing fee. Petitioner filed an application for petition of writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is respondent's motion to dismiss the habeas petition as barred by the statute of limitations. For the reasons set forth below, respondent's motion should be granted.

II. Legal Standards

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ." Id. The Court of Appeals for the Ninth Circuit has referred to a respondent's motion to dismiss as a request for the court to dismiss under Rule 4 of the Rules Governing § 2254 Cases. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420

////

(1991). Accordingly, the court will review respondent's motion to dismiss pursuant to its authority under Rule 4.

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act ("AEDPA") was enacted. Section 2244(d)(1) of Title 8 of the United States Code provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Section 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2).

Section 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2). Generally, this means that the statute of limitations is tolled during the time after a state habeas petition has been filed, but before a decision has been rendered. Nedds v. Calderon, 678 F.3d 777, 780 (9th Cir. 2012). However, "a California habeas petitioner who unreasonably delays in filing a state habeas petition is not entitled to the benefit of statutory tolling during the gap or interval preceding the filing." Id. at 781 (citing Carey v. Saffold, 536 U.S. 214, 225-27 (2002)). Furthermore, the AEDPA "statute of limitations is not tolled from the time a final decision is

issued on direct state appeal and the time the first state collateral challenge is filed because there is no case 'pending' during that interval." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), overruled on other grounds by Carey, 536 U.S. at 214. In Carey, the United States Supreme Court held that the limitation period is statutorily tolled during one complete round of state post-conviction review, as long as such review is sought within the state's time frame for seeking such review. Id., 536 U.S. at 220, 222-23. State habeas petitions filed after the one-year statute of limitations has expired do not revive the statute of limitations and have no tolling effect. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).

III. Chronology

For purposes of the statute of limitations analysis, the relevant chronology of this case is as follows:

1. Petitioner pled guilty to committing numerous sex crimes against children under the age of 14. (ECF Nos. 1 at 29, 31; 12 at 2.)

2. On April 29, 2009, petitioner was sentenced to an indeterminate state prison term of 62 years to life. (Respondent's Lodged Document ("LD") 1.)

3. Petitioner did not appeal his conviction.[1]

4. On December 9, 2012, petitioner filed a petition for writ of habeas corpus in the California Supreme Court. (LD 2.) On February 13, 2013, the California Supreme Court denied the petition, citing In re Lindley, 29 Cal.2d 709, 723 (1947).[2] (LD 3.)

5. On October 15, 2013, petitioner filed a second petition for writ of habeas corpus in the California Supreme Court. (LD 4.) On January 21, 2014, the California Supreme Court denied

---

[1] Unless otherwise indicated, all of petitioner's subsequent court filings were given benefit of the mailbox rule. See Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010) (under the mailbox rule, the petition is deemed filed when handed to prison authorities for mailing).

[2] The California Supreme Court's citation to In re Lindley reflects a denial of an insufficiency of the evidence claim because such a claim must be raised on direct appeal. See Garcia v. Stainer, 2015 WL 127842, at *4 (C.D. Cal. Jan. 5, 2015).

the petition, citing See In re Robbins, 18 Cal.4th 770, 780 (1998); In re Clark, 5 Cal.4th 750, 797-98 (1993); People v. Duvall, 9 Cal.4th 464, 474 (1995).[3]  (LD 5.)

6. On January 21, 2015, petitioner filed the instant federal petition. (ECF No. 1.) See Rule 3(d) of the Federal Rules Governing Section 2254 Cases.

7. Respondent filed the motion to dismiss on March 27, 2015.  (ECF No. 10), and petitioner filed an opposition (ECF No. 12)[4] on April 24, 2015.  On May 8, 2015, respondent filed a reply.  (ECF No. 16.)

IV.  Statutory Tolling

Under 28 § 2244(d)(1)(A), the limitations period begins running on the date that petitioner's direct review became final or the date of the expiration of the time for seeking such review.  Id.  In this case, petitioner did not appeal the operative judgment issued on April 2, 2009.  Accordingly, his conviction became final sixty days later on June 1, 2009.  Cal. Rules of Court 8.308(a); Mendoza v. Carey, 449 F.3d 1065, 1067 (9th Cir. 2006).  The AEDPA statute of limitations began to run the following day, on June 2, 2009.  Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).  Absent tolling, petitioner's last day to file his federal petition was on June 2, 2010.

Petitioner filed his first state court petition on December 9, 2012, over two and a half years after the limitations period expired.  Thus, this and his second state petition were not "properly filed" so as to toll the running of the limitations period.  Moreover, a state court habeas petition filed beyond the expiration of AEDPA's statute of limitations does not toll the limitations period under § 2244(d)(2).  See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001) (state habeas petition filed after the statute of

---

[3] The citation to In re Robbins indicates that the court denied the habeas petition as untimely. See Thorson v. Palmer, 479 F.3d 643, 645 (9th Cir. 2007).  The citation to In re Dixon indicates a denial on the grounds that a claim could have been, but was not, raised on direct appeal.  See Garcia v. Stainer, 2015 WL 127842, at *4 (C.D. Cal. Jan.5, 2015).  People v. Duvall held that a habeas petitioner must state facts with particularity and provide documentary evidence.  Id., 9 Cal. 4th at 474.

[4] On May 11, 2015, petitioner re-submitted his opposition.  (ECF No. 17.)

limitations ended "resulted in an absolute time bar").  Absent equitable tolling, the instant petition is time-barred.  Accordingly, petitioner is not entitled to statutory tolling.

V. Equitable Tolling

Equitable tolling is available to toll the one-year statute of limitations available to 28 U.S.C. § 2254 habeas corpus cases.  Holland v. Florida, 130 S. Ct. 2549, 2560 (2010).  A litigant seeking equitable tolling must establish:  (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way.  Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).  The Ninth Circuit has explained:

> To apply the doctrine in "extraordinary circumstances" necessarily suggests the doctrine's rarity, and the requirement that extraordinary circumstances "stood in his way" suggests that an external force must cause the untimeliness, rather than, as we have said, merely "oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling.

Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir.) (internal citation omitted), cert. denied, 130 S. Ct. 244 (2009); see also Stillman v. LaMarque, 319 F.3d 1199, 1203 (9th Cir. 2003) (petitioner must show that the external force caused the untimeliness).  It is petitioner's burden to demonstrate that he is entitled to equitable tolling.  Espinoza-Matthews v. People of the State of California, 432 F.3d 1021, 1026 (9th Cir. 2005).

Here, petitioner contends that he relied upon the assistance of "jailhouse lawyers" to prepare and submit his petitions, and therefore his late filing was through no fault of his own.  (ECF No. 12 at 2.)  Petitioner claims that he was misinformed that the limitations period began on January 21, 2014, and thus believed he was required to submit his federal petition no later than January 21, 2015.  (ECF No. 12 at 1.)

Respondent counters that petitioner's choice to rely on inmate assistance does not excuse the late filing of petitioner's claims.  Further, respondent contends that even if petitioner's reliance on jailhouse lawyers were a sufficient basis for equitable tolling, petitioner failed to provide factual support demonstrating the causal connection between the alleged improper advice and his late filing.

////

Lack of legal knowledge and reliance on other inmates does not excuse the lengthy delay in this case. See Ford v. Pliler, 590 F.3d 782, 789 (9th Cir. 2009) (observing that the equitable tolling "standard has never been satisfied by a petitioner's confusion or ignorance of the law alone[ ]"). A prisoner who relies on other inmates to assist him retains the "'personal responsibility of complying with the law.'" Chaffer v. Prosper, 592 F.3d 1046, 1049 (9th Cir. 2010) (citation omitted) (holding that reliance on another inmate to prepare and file a habeas petition did not warrant equitable tolling); Diaz v. Knowles, 2009 WL 728567 (E.D. Cal. Mar.19, 2009) (no equitable tolling for poor advice given by jailhouse lawyer); United States v. Cicero, 214 F.3d 199, 204-05 (D.C. Cir. 2000) (no equitable tolling for jailhouse lawyer non-performance).

Thus, petitioner's reliance on the advice of inmates is insufficient to show he is entitled to equitable tolling. In addition, petitioner failed to demonstrate that he has been pursuing his rights diligently during the limitations period. Petitioner did not explain what steps he took to pursue his case during the months that passed between the date his conviction became final in 2009, and the expiration of the limitations period on June 2, 2010. Petitioner did not appeal his conviction, and waited until December of 2012 to challenge his sentence in state court, and then waited another ten months and filed another petition in the California Supreme Court. Petitioner's statement that he was misinformed that his one year deadline started from January 21, 2014, suggests that petitioner did not seek inmate assistance until long after the limitations period had already expired.

On such a record, petitioner is not entitled to equitable tolling. Accordingly, the undersigned finds that petitioner has not met his burden of demonstrating the existence of grounds for equitable tolling. See Pace, 544 U.S. at 418 (petitioner bears burden of demonstrating grounds for equitable tolling); Espinoza-Matthews, 432 F.3d at 1026.

VI. Conclusion

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 10) be granted; and

2. This action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(3).  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 18, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/payn0211.mtd.hc.sol